**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No.: 14-141 (CRC)** |
| **AHMED SALIM FARAJ ABU KHATALLAH,** | : | |
| **also known as Ahmed Abu Khatallah,** | : | |
| **also known as Ahmed Mukatallah,** | : | |
| **also known as Ahmed Bukatallah,** | : | |
| **also known as Sheik,** | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM CONCERNING THE CLASSIFIED INFORMATION PROCEDURES ACT**

**Introduction**

This matter involves the prosecution of international terrorism-related offenses. As noted during the July 8, 2014, and October 20, 2014 status hearings, this case involves a large amount of classified information. The government anticipates that issues relating to classified information will arise, requiring application of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3. The purpose of this memorandum is to provide the court a general overview of CIPA.

**CIPA Discussion**

CIPA contains a set of procedures by which federal courts rule on pretrial matters concerning discovery, admissibility and the use of classified information in criminal cases. *See*

*United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994).  CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest."  *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (citation and internal quotes omitted).  It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."  *United States v. Apperson*, 441 F.3d 1162, 1192 n.8 (10th Cir. 2006) (citation omitted).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure:  "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service."  *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world.").  Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant."  *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA neither creates any new rights of discovery nor expands the rules governing the admissibility of evidence.  *See United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevancy of probative evidence.");

*accord United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc).  Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests.  *See Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).

Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense."  *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *accord United States v. McVeigh*, 923 F.Supp. 1310, 1314 (D. Colo. 1996) ("but CIPA does not enlarge the scope of discovery or of *Brady*.").  Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.  *See Baptista-Rodriguez*, 17 F.3d at 1364.

A. Section 1 – Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security.  18 U.S.C. App. 3 at § 1(a).  "National security" means the national defense and foreign relations of the United States.  *Id.* at § 1(b).

CIPA applies equally to classified testimony and classified documents.  *See United States v. Lee*, 90 F.Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing *United States v. North*, 708

F.Supp. 399, 399-400 (D.D.C. 1988)); *Kasi v. Angelone*, 200 F.Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

B. Section 2 – Pretrial Conference

Section 2 of CIPA authorizes the court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. 3 at § 2. Following such a motion, the district court, "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by Section 6 of this Act [to determine the use, relevance, or admissibility of classified information]." *Id.*

C. Section 3 – Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that may be disclosed by the government to defense counsel or the defendant. *Id.* at § 3. On July 3, 2014, with the consent of the defense, the court issued a protective order in this case, pursuant to Section 3 of CIPA.

D. Section 4 – Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. 3 at § 4; *see, e.g., United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *Yunis*, 867 F.2d at 619-625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may,

for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. *See* S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3 at § 4. In essence, Section 4 allows the United States to request that the court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable.[1] *See United States v. Libby*, 429 F.Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by *United States v. Libby*, 429 F.Supp. 2d 46, 47 (D.D.C. May 3, 2006)); *see also Klimavicis-Viloria*, 144 F.3d at 1261-62; *Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25; *Pringle*, 751 F.2d at 427-28; *Kasi*, 200 F.Supp. 2d at 596 n.6.

---

1 In determining whether classified information provided to the court under CIPA is relevant and potentially discoverable, it is appropriate for the court to meet with government counsel *ex parte* to consider the matter. *See United States v. Mejia*, 448 F.3d 436, 457 (D.C. Cir. 2006), *Libby*, 429 F.Supp. 2d at 24-25.

E.  Section 5 and 6 – Procedure for the Disclosure of Classified Information at Trial

Sections 5 and 6 of CIPA apply with respect to the use and potential disclosure of classified information during the course of a trial or proceeding.  *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).  Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose.  *See* 18 U.S.C. App. 3 at § 5(a).  Notification must take place "within the time specified by the court, or when no time is specified, within thirty days prior to trial."  *Id.*  Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense.  *See Collins*, 720 F.2d at 1199.  The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information.  *See United States v. Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired.  18 U.S.C. App. 3 at § 5(a).  If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of the notification, and may prohibit the defendant from examining any witnesses with respect to such information.  *Id.* at § 5(b).

After the defendant files the requisite notice, under Section 6(a), the government may request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence. 18 U.S.C. App. 3 at § 6(a). Upon such a request, the court shall conduct a hearing. *Id.* The hearing shall be conducted *in camera* if the Attorney General certifies to the court that a public proceeding may result in the disclosure of classified information. *Id.* Before the hearing, the government must first provide the defendant with notice of the classified information that will be at issue. *Id.* at § 6(b)(1). If the particular information was not previously available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant. *Id.* The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing." *Id.* at § 6(b)(2).

If the government requests a hearing before the trial or other proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the trial or other proceeding begins. *Id.* at § 6(a). The court's ruling must be in writing and set forth the basis for its determination as to each item of classified information. *Id.*

If, after an *in camera* hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. *Id.* at § 6(d). If the court finds the classified evidence may be disclosed or elicited, the government may move for, the court may authorize (1) the substitution of a statement admitting the relevant fats that the specific classified information

would tend to prove, or (2) the substitution of a summary of the classified information.  *Id.* at § 6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue.  *Id.* at § 6(e)(1).  Upon the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information.  *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3.  Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment.  18 U.S.C. App. 3 at § 6(e)(2).  An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 or thereafter withdraws its objection to the disclosure of the information.  *Id.*

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require."  *Id.* at § 6(f).  The court may place the United States under a continuing duty to disclose rebuttal information.  *Id.*  If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witnesses with respect to such information.  *Id.*

F.  Section 7 – Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court (a) authorized the disclosure of classified information; (b) imposes sanctions for non-disclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information.  *Id.* at § 7(b).

G.  Section 8 – Procedure Governing the Introduction of
    Classified Information at Trial or at a Pre-Trial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence.  *Id.* at § 8.  Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified.  *See* S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence only part of a document when fairness does not require the whole document to be considered.  The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information.  *Id.* at 10-11, 1980 U.S.C.C.A.N. at 4304.

Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.  *Id.* at 11, 1980 U.S.C.C.A.N. at 4304.  Specifically, under Section 8(c), the government may object to any question or line of inquiry that may

require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. 3 at § 8(c). Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." *Id.* In effect, this procedure supplements the notice provision under section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answers to a given question will reveal classified information. S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4303-5.

      H.  Section 9 – Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. 3 at § 9(a). Security procedures established by former Chief Justice Burger pursuant to this provision are codified directly following Section 9 of CIPA.

I. Sections 9A through 15

Sections 9A through 15 are miscellaneous provisions of CIPA which are not likely to be pertinent to this case.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447-889

By:_____/s/______________________

MICHAEL C. DILORENZO
(MD Bar #: 931214 0189)
JULIEANNE HIMELSTEIN
OPHER SHWEIKI
DAVID GOODHAND
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7809
Michael.Dilorenzo@usdoj.gov

**Certificate of Service**

I hereby certify that a copy of the foregoing memorandum was served on counsel for the defendant, Michelle Peterson, Esquire and Mary Petras, Esquire, by ECF, this 5th day of November, 2014.

_________/s/__________________
Michael C. DiLorenzo
Assistant United States Attorney