UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No.: 14-141 (CRC) |
| : | |
| AHMED SALIM FARAJ ABU : | |
| KHATALLAH, : | |
| : | |
| also known as Ahmed Abu Khatallah, : | |
| also known as Ahmed Mukatallah, : | |
| also known as Ahmed Bukatallah, : | |
| also known as Sheik, : | |
| : | |
| Defendant. : | |

## CIPA STATUS REPORT

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this status report to advise the Court of the status of certain issues relating to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3 at § 4, and described further below.

1.   As the Court has been informed, after his capture, the defendant made certain non-*Mirandized* statements during intelligence interviews. Because the voluntariness of those statements has not yet been ruled upon, and in order to protect the Government's trial team from any arguable "taint," we have established a screening procedure whereby the trial team has been walled off from these statements. Pursuant to that procedure, the undersigned Assistant United States Attorney (AUSA) has been assigned to handle issues, including discovery and suppression-related issues, that may arise in connection with those statements.

1

2. In connection with the above-described interviews, classified materials were created that included summaries of statements by the defendant and other information. After a preliminary review by equity holders of those classified materials, classified discovery was produced to cleared defense counsel consisting of redacted versions of those materials. On October 17, 2015, during the open court proceedings at which certain pretrial motions were argued, the government informed the Court that, pursuant to Section 4 of CIPA, the Government intended to file an *ex parte* request for the Court to authorize the redactions to those materials.

3. Thereafter, following further review by the equity holders, it was determined that the above-noted materials could be produced to cleared defense counsel in classified discovery without redactions. Accordingly, on November 16, 2015, the unredacted classified materials were produced to the defense. In light of that production, the need for Court authorization for the above-described redactions has been rendered moot, and there is no need for the government to file a CIPA Section 4 motion connected to these materials.

4. As a result, the government believes that the time is ripe for the Court to set a schedule for CIPA proceedings that will precede any defense motion to suppress the defendant's statements. Accordingly, at the hearing scheduled for November 19, 2015, the government intends to ask the Court to set a deadline for the defense to submit any CIPA Section 5 notice related to the defendant's statements. The government also intends to a request a CIPA Section 2 status hearing after that deadline, at which the parties can update the Court regarding the parties' attempts to resolve any declassification and/or substitution issues raised by the Section 5 notice, and thereby narrow the focus of (or obviate the need for) a proceeding pursuant to CIPA Section 6 prior to further suppression proceedings.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY


_____/s/_____
David J. Mudd
Assistant United States Attorney
D.C. Bar Number 995-154
National Security Section
United States Attorney's Office
555 Fourth Street, N.W., 11th Floor
Washington, DC 20530
(202) 252-7785
david.mudd2@usdoj.gov