**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No.: 14-141 (CRC)** |
| **AHMED SALIM FARAJ ABU KHATALLAH,** | : | |
| | : | **UNDER SEAL** |
| **also known as Ahmed Abu Khatallah,** | : | |
| **also known as Ahmed Mukatallah,** | : | |
| **also known as Ahmed Bukatallah,** | : | |
| **also known as Sheik,** | : | |
| **Defendant.** | : | |

**[redacted] ORDER**

This matter having come before the Court on the *Government's Unopposed Motion to Close Courtroom and Redact Certain Names During Portions of Evidentiary Hearing on Defendant's Motion to Suppress*, filed under seal, which seeks entry of an order directing that the suppression hearing testimony of two government witnesses who participated in the intelligence interviews of the defendant, as well as any argument by counsel relating to that testimony, be conducted in a closed courtroom. Pursuant to the Classified Information Procedures Act, Title 18 App., U.S. Code, §§ 1-16 ("CIPA"), the Government also seeks an order protecting the true name of one of the witnesses, the organization for which he worked, and to permit the witness to enter the courtroom through a private entrance.

Having considered the Government's motion, as well as the two declarations from the Government submitted *ex parte* and *in camera*, the Court makes the following findings:

1. The Government has demonstrated an overriding interest in closing a portion of the suppression hearing from the public in order to prevent the disclosure of classified information. National security concerns are expected to permeate the testimony of the two witnesses as they are questioned on topics addressed in the intelligence interviews, and classified information contained in their reports of those interviews. All of the *Jencks* material associated with these witnesses (including their notes, emails, and intelligence reports) remain classified.

2. Closure of the courtroom for the two witnesses is no broader than necessary to prevent the disclosure of classified information and protect the safety of one of the witnesses. The Government has indicated that all of the other witnesses it intends to call at this hearing (an additional 12-14 witnesses) will testify in open court.

3. There are no reasonable alternatives to closure of the courtroom for these two witnesses. The risk of disclosure of classified information cannot be eliminated by the conventional redaction and substitution process outlined by the CIPA. The Court also finds that a partially open proceeding for these two witnesses is not practical because the parties are expected to elicit classified testimony that is inextricably intertwined with unclassified testimony, and therefore an attempt to separate that testimony in a bifurcated proceeding would significantly hamper the ability of both counsel to pursue effective and continuous examinations of the witnesses and to develop a clear and full record for this Court to decide the issues presented by the motion.

4. The prejudice to the Government's compelling interest in preventing the disclosure of classified information overrides the public's and the media's qualified First Amendment right to access to this portion of the suppression hearing.

Accordingly, pursuant to *United States v. Perry*, 479 F.3d 885, 889 (D.C. Cir. 2007) (following *Waller v. Georgia*, 467 U.S. 39, 45 (1984)); *Baker v. United States*, 401 F.2d 958, 978 fn. 91 (D.C. Cir. 1968) (pre-*Waller*), *United States v. Poindexter*, 732 F. Supp. 165, 168 fn. 11 (D.D.C. 1990); *United States v. Marzook*, 412 F. Supp. 2d 913, 925 (N.D. Il. 2006); *United States v. Pelton*, 696 F. Supp. 156, 159 (D. Md. 1986); *United States v. Medunjanin*, No. 10 CR 19–1(JG), 2012 WL 5839334 (E.D.N.Y. Nov. 16, 2012),

IT IS HEREBY ORDERED that the Government's motion to close the courtroom for two witnesses that will be called to testify at the May 10, 2017 suppression hearing, to prevent disclosure of the true name of one of the witnesses and the organization for which he worked, to permit the witness to enter and exit the courtroom through a private entrance, and to seal the transcript of the testimony from both witnesses, and any oral argument of counsel referencing that testimony, is GRANTED.

IT IS FURTHER ORDERED that the Government conduct a post-hearing review of the transcripts of the two witnesses to ensure that any information that is not classified will be unsealed and made available to the public in a redacted form, including unclassified portions of any documents introduced into evidence through these two witnesses. Such review will be conducted within ten (10) business days from the issuance of the final transcript of the two witnesses, and the oral argument of counsel referencing that testimony.

Chr R. Cooper 4/18/17

CHRISTOPHER R. COOPER | Date
DISTRICT JUDGE

[redacted]