UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 14-141 (CRC) |
| | : | |
| AHMED SALIM FARAJ ABU KHATALLAH, | : | |
| | : | |
| also known as "Ahmed Abu Khatallah," | : | |
| also known as "Ahmed Mukatallah," | : | |
| also known as "Ahmed Bukatallah," and | : | |
| and also known as "Sheik," | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION
TO GOVENRMENT'S REQUEST FOR TWO AGENTS TO BE
EXEMPTED FROM THE RULE ON WITNESSES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to the defendant's opposition to the government's request that two case agents be exempted from the rule on witnesses and be allowed to sit at counsel table during trial.

On September 3, 2017, the government filed a motion with the court, requesting that two FBI agents – Special Agents Michael Clarke and Justin O'Donnell – be permitted to sit at counsel table during the trial, even though the government expects that both agents will be called as witnesses at trial. *See* Government's Motion at 1 [Dkt. # 303] (hereinafter "Motion"). In the government's Motion, the government requested the exemption of Agent Clarke by designating him, pursuant to Federal Rule of Evidence 615(b), as the government's representative at trial. The government also requested the exemption of Agent O'Donnell, pursuant to Fed. R. Evid.

615(c), since his presence at counsel table during trial is essential to the presentation of the government's case. The government noted that Agent O'Donnell has been involved in the case nearly since its inception and that he is an Arabic speaker.

In the defendant's opposition, he did not oppose the designation of Agent Clarke as the government's representative, and thus, concedes his presence at counsel table during the trial. *See* Defendant's Opposition at 1 [Dkt. # 324] (hereinafter "Opposition"). The defendant, however, did object to the presence of Agent O'Donnell at counsel table during trial, arguing that his presence was not essential to the presentation of the government's case, and that his presence would violate "the core concern of the rule" on witnesses. *Id*. at 3-4.

First, as noted in the government's motion, Agent O'Donnell has been involved in this investigation since nearly its inception. His role in the case is that of a co-case agent, and he is thus intimately familiar with virtually all investigative steps taken in the case. As an Arabic speaker, he was directly involved in a significant portion of the interviews that were conducted of Libya or other Arabic speaking witnesses and/ or potential witnesses. As an Arabic speaking case agent, he is familiar with names of individuals and groups, locations, and events, as well as Libyan or Islamist jargon. He is able to not only translate for the prosecution team but will put this information in context for the government's trial team. During the course of the trial, there will be witnesses testifying in Arabic, and the government will need to be able to quickly understand and respond to testimony of such witnesses. A hired translator, who is unfamiliar with the details of the case, would not be able to provide the same service to the government. Additionally, Agent O'Donnell will be able to catch mistakes made by the translators, who much less familiar with the subject matter. The government would note that the defense trial team has

two Arabic speakers, who – while not expected to be witnesses – are familiar with the case, having had a significant opportunity to review the discovery in this case and attend pre-trial matters. The defendant's argument that Agent O'Donnell is not essential is without merit, and, if accepted by the Court, would put the government at a disadvantage at trial.

    The defendant's second argument is that the presence of Agent O'Donnell would offend the concerns of the rule on witnesses, namely, witnesses testifying to overlapping areas. While it is true that Agents O'Donnell and Clarke were present during the June 2014 interviews of the defendant, the government does not intent to elicit testimony from Agent O'Donnell concerning this topic. Additionally, the defendant has not noticed Agent O'Donnell as a potential witness in this area. Thus, the risk of prejudice to the defendant is remote. If there is concern over the potential overlap between Agents Clarke and O'Donnell on the interviews of the defendant, Agent O'Donnell could be excused from the courtroom during this portion of the trial.

    Additionally, the defendant cites potential prejudice involving the presence of Agent O'Donnell during the testimony of Arabic speaking witnesses, where Agent O'Donnell may be called as a witness concerning – theoretically – prior inconsistent or consistent statements. As an initial matter, the presence of Agent O'Donnell is crucial for these witnesses, since he has met the witnesses, understands their words as well as the context of their testimony better than anyone sitting at government's counsel table. He in the best position to provide advice to the government during their testimony and to catch mistakes made during the official translations. Furthermore, in the event Agent O'Donnell is called as a witness to rebut or affirm the testimony of an Arabic speaking witness, the potential for prejudice is minimal, due to the fact that there are detailed FBI 302s, which contain the substance of any prior interviews involving Agent O'Donnell. These

FBI 302s have been provided to the defendant in discovery and are available for cross-examination. Also, in the event Agent O'Donnell's testimony deviates from the FBI 302, the defendant can cross-examine him on the fact that he was present in the courtroom while the witness testified.

WHEREFORE, the government asks that Agent O'Donnell be exempted from the rule on witnesses, as he is essential to the government's presentation of its case (Fed. R. Evid. 615(c)).

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793

_____/s/_____
Michael C. DiLorenzo
MD Bar No. 931214 0189
Julieanne Himelstein
D.C. Bar No. 417136
Opher Shweiki
D.C. Bar No. 458776
John Crabb Jr.
N.Y. Bar No. 2367670
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7809
michael.dilorenzo@usdoj.gov