**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AHMED SALIM FARAJ ABU KHATALLAH,<br><br>  also known as "Ahmed Abu Khatallah,"<br>  also known as "Ahmed Mukatallah,"<br>  also known as "Ahmed Bukatallah,"<br>  also known as "Sheik,"<br><br>  Defendant. | Case No. 14-cr-00141 (CRC) |

**OPINION AND ORDER**

The Government has moved to admit the pre-trial deposition of a witness designated as "W-234." The deposition was conducted abroad by videoconference in July 2017 pursuant to Federal Rule of Criminal Procedure 15. The Defendant argues that the Court should not admit the deposition because W-234 is not unavailable for trial, and because he did not have adequate opportunity to cross-examine the witness. For the reasons that follow, the Court will grant the Government's motion to allow admission of the deposition.

**I.    Background**

Defendant Ahmed Salim Faraj Abu Khatallah was charged in 2014 with eighteen offenses stemming from the September 2012 attack on United States facilities in Benghazi, Libya. The Government moved in February 2015 to take the deposition of a witness designated as "W-234" pursuant to Federal Rule of Criminal Procedure 15. ECF No. 38. Relying on an affidavit from a supervisory FBI Special Agent, the Government explained that W-234 is a Libyan national working in eastern Libya as the commander of a military unit, and that there was

a substantial likelihood that W-234 would be unavailable to testify at trial.  See Decl. of Special Agent Victor E. Camaya (ECF No. 39).

In March 2015, the Court granted the Government's motion.  As the Court explained, several facts, in combination, established that the witness would likely be unavailable for trial:

> (1) he is a foreign national living in a country without an extradition treaty with the united States; (2) he resides in eastern Libya, an extremely dangerous region currently in the throes of a civil war; (3) militant groups in eastern Libya have threatened to kill any individual who cooperates with the United States; and (4) there have been specific threats and attacks targeting W-234 and his family because of his position as a Libya military commander.

Memo. Op. & Order 5 (March 12, 2015) (ECF No. 48).  The Court deferred ruling on the Defendant's arguments that the deposition would violate his rights under the Confrontation Clause, explaining that those arguments "can better be addressed if and when the government seeks to introduce the deposition at trial."  Id. at 7.

While the Government had initially sought to conduct the deposition that month in Washington, D.C., it filed a supplemental motion in June 2017 requesting that the deposition occur abroad, citing W-234's inability to travel to the United States.  Gov.'s Supp. Mot. Misc. Relief (ECF No. 228).  The Court granted that motion, and the deposition ultimately took place on July 28, 2017 in Cairo, Egypt.  Opinion & Order (July 7, 2017) (ECF No. 240).  The Court oversaw the deposition and ruled on objections by videoconference from its courtroom in Washington, D.C., where Abu Khatallah was present with defense counsel.  The Defendant and his counsel in Washington were able to view the proceedings in Cairo and to communicate by telephone with his counsel there.  The deposition was video recorded in full.  W-234 testified under the pseudonym "Khalid Abdullah," but defense counsel were provided with his real name in April 2015.  The deposition lasted all day, with three and a half hours allotted for each party.  Abu Khatallah's counsel conducted about three hours of cross-examination.

The Government now seeks to admit the video deposition into evidence. In an Opinion and Order dated October 10, 2017, the Court indicated that it would allow the deposition to be admitted and ruled on the parties' objections to certain portions of W-234's testimony.

## II. Legal Standards

The admissibility of a Rule 15 deposition at trial is governed by Federal Rule of Evidence 804. Rule 804(b)(1) provides that, notwithstanding the general rule against hearsay, the Court may admit "former testimony" given at a "lawful deposition" so long as (a) "the declarant is unavailable as a witness" at trial and (b) the adverse party had "an opportunity and similar motive to develop" the testimony through cross-examination. A declarant is considered "unavailable" if he "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804(a)(5)(A).

Because the Government seeks to introduce this Rule 15 deposition against a criminal defendant, its introduction implicates the Confrontation Clause of the Sixth Amendment, which provides constitutional backing for Rule 804(b)'s requirements. Specifically, the Confrontation Clause bars the introduction of an absent witness's prior testimony "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." Barber v. Page, 390 U.S. 719, 725 (1968). The Clause further requires that the defendant have "a complete and adequate opportunity to cross-examine" the declarant during the deposition. California v. Greene, 399 US. 149, 165–66 (1970) (quoting Pointer v. Texas, 380 U.S. 400, 407 (1965)).

**III.    Analysis**

  A.  W-234 is "Unavailable"

Abu Khatallah first argues that W-234 is not "unavailable" for purposes of Rule 804(b) and the Confrontation Clause, and therefore that the deposition is inadmissible hearsay. Def.'s Opp. to Gov.'s Motion to Strike Cross-Examination 2–3 (ECF No. 325).  On this point, Abu Khatallah relies on W-234's deposition testimony about his own unavailability, where he indicated, "If the war ended now, I will get myself ready and go to the United States." Id. Ex. A (W-234 Depo. Tr.), at 73:20–24.  According to the Defendant, W-234's own condition precedent—the end of the war—has been satisfied, given a recent ceasefire between the western Libyan government and the Libyan National Army and the Army's declaration that it has defeated its militia enemies.

  Regardless of whether the conflict in Libya has actually subsided, Abu Khatallah's argument misunderstands the standard that governs unavailability.  It is not the Court's job to adjudicate whether, given current conditions in Libya, W-234 *should* attend trial.  Rather, where a witness cannot be compelled by legal process to attend trial, the only question is whether the proponent of the deposition has made reasonable, good-faith efforts to make him available. See Barber, 390 U.S. at 725.  If the witness refuses to attend despite such efforts, he is "unavailable." See United States v. Warren, 713 F. Supp. 2d 1, 4 (D.D.C. 2010) ("Evidence that a witness specifically refuses to testify at trial is 'potent proof of unavailability required for purposes of Rule 15(a).'" (quoting United States v. Drogoul, 1 F.3d 1546, 1553 (11th Cir. 1993))).

  Here, the Government has established W-234's unavailability.  It is undisputed that the Government cannot use legal process to compel W-234's attendance: there is no subpoena power over foreign nationals located abroad, and Libya and the United States have no extradition treaty.

See Roddy Decl. ¶ 4. And Agent Roddy's declaration describes "repeated attempts" to secure W-234's presence at trial. Most recently, the Government contacted W-234 on September 22, 2017—just before trial began—to arrange for W-234 to attend trial. The witness declined, citing (1) security concerns for himself and his family; (2) the fact that no one knew about his cooperation with the FBI; and (3) his duties with the Libyan National Army. As the Court explained in its 2015 Order allowing the deposition, there is no indication that these concerns are not genuine. Memo. Op. & Order 5 (March 12, 2015) (ECF No. 48). Thus, having taken reasonable (but ultimately unsuccessful) steps to make W-234 available, the Government has shown that he is unavailable for trial.

### B. The Defendant Had an Effective Opportunity to Cross-Examine W-234

After finding that W-234 is unavailable for trial, the Court must decide whether Abu Khatallah was able to conduct a "full and effective cross-examination" of W-234 during the deposition, such that admission of the deposition is consistent with the Confrontation Clause.[1]

The Court finds that the timing and circumstances of the deposition gave the defense ample opportunity to conduct a vigorous cross-examination—an opportunity that it did not squander. The deposition was conducted years after the superseding indictment laid out the eighteen charges against Abu Khatallah. W-234 testified under oath. Members of Abu Khatallah's defense team were physically present both at the deposition in Cairo and with the Defendant in Washington, and the Defendant could view the proceedings and communicate with his counsel abroad. Cross-examination lasted approximately three hours and covered a wide

---

[1] The Court need not separately analyze whether Abu Khatallah had "motive and opportunity" to cross-examine W-234 at the deposition for purposes of Rule 804(b). Courts typically treat the standards under Rule 804(b) and the Confrontation Clause as identical and, if anything, the Federal Rules are more lenient.

5

range of topics. The defense was given W-234's real name in April 2015. Using that information, it found social media posts that it believed demonstrated W-234's bias and questioned W-234 extensively about the content of those posts. The deposition was videotaped, and thus the jury will have a full, visual impression of W-234's responses on cross-examination. These circumstantial factors are the sort that the Supreme Court has identified as supporting the admission of prior testimony consistent with the Confrontation Clause. See Green, 399 U.S. at 165 (noting that witness's statement at preliminary hearing was "given under circumstances closely approximating those that surround the typical trial" in that it was (1) made under oath, (2) the defendant was represented by counsel who later represented him at trial, (3) defense counsel could cross-examine the statement, and (4) the hearing was "conducted before a judicial tribunal.")

Abu Khatallah nevertheless argues that he had insufficient opportunity for cross-examination because the Government failed to disclose, prior to the deposition, information relevant to possible lines of cross-examination. He points to two deficiencies that, in his view, foreclosed lines of cross-examination. First, Abu Khatallah contends that the Government failed to timely alert the defense to W-234's purportedly false testimony about how much time he spent discussing his testimony with the Government, and that cross-examination on this point would have "significantly undercut W-234's credibility." Def.'s Opp. to Gov.'s Motion in Limine 4 (ECF No. 396). Second, he argues that the Government's late disclosure of new and unredacted FBI-302 interview memoranda with other Libyan witnesses foreclosed asking W-234 about the content of those interviews—specifically, about other witness' identification of people associated with Abu Khatallah. Id. at 4–5.

In theory, the government's failure to disclose material prior to a deposition can run afoul of the Confrontation Clause. As the Court explained in its prior Order:

> If the defense is able to identify substantive areas of questioning that were not addressed at the deposition because of incomplete discovery, the government may have difficulty establishing the admissibility of the deposition at trial.

Memo Op. & Order 8 (March 12, 2015) (ECF No. 48).

The Court finds, however, that the limited subject areas the defense has identified did not undercut its ability to conduct robust cross-examination. In its Opinion and Order ruling on the parties' objections to portions of W-234's testimony, the Court explained that Abu Khatallah can call to the jury's attention any discrepancy in W-234's testimony regarding the time he spent preparing with the Government. To the extent that the discrepancy "undercut[s] W-234's credibility," Def.'s Opp. 4, cross-examination was not the only possible means of highlighting the discrepancy. As for the Government's late disclosure of certain FBI 302s, Abu Khatallah has not provided a concrete reason to believe that W-234's testimony regarding Abu Khatallah's suspected associates would be inconsistent with the other Libyan witnesses. Moreover, Abu Khatallah has provided no more than a generic statement that "the defense believes [W-234] is familiar with a number of these individuals," which hardly suggests that this line of questioning would be integral to W-234's cross-examination. Keeping in mind that the Confrontation Clause requires only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish," Delaware v. Fensterer, 474 U.S. 15, 20 (1985), the Court does not find that either instance of late discovery impeded Abu Khatallah's confrontation right.

7

The Court will therefore GRANT [380] Government's Motion in Limine to admit the Deposition of W-234.

**SO ORDERED.**

                                                CHRISTOPHER R. COOPER
                                                United States District Judge

Date: October 12, 2017