**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**AHMED SALIM FARAJ ABU KHATALLAH,**<br><br>    also known as "Ahmed Abu Khatallah,"<br>    also known as "Ahmed Mukatallah,"<br>    also known as "Ahmed Bukatallah,"<br>    also known as "Sheik,"<br><br>        Defendant. |

Case No. 14-cr-00141 (CRC)

## JURY INSTRUCTIONS

Ladies and gentlemen, you have now heard all of the evidence in the case. Before you begin your deliberations, I am going to instruct you on the law. I will start with some general rules of law and then talk about the specific charges alleged here and some of the specific issues in this case. Some of these rules will repeat what I told you in my preliminary instructions.

I will provide each of you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to Ms. Jenkins when your verdict is rendered.

### Instruction No. 1: Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction No. 2: Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your responsibility alone.

**Instruction No. 3: Evidence in the Case**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses (including by video deposition), the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

A deposition is the sworn testimony given by a witness before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are recorded by a court reporter. You may consider deposition testimony in the same way you would consider testimony actually given in court.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, any reasonable inferences that you feel are justified in light of your experience. You should give any evidence the weight that you think it is fairly entitled to receive.

### Instruction No. 4: Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

### Instruction No. 5: Statements of Counsel

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Likewise, the questions of the lawyers are not evidence.

### Instruction No. 6: Indictment Not Evidence

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Abu Khatallah's guilt or draw any inference of guilt from it.

### Instruction No. 7: Burden of Proof

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Abu Khatallah to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Mr. Abu Khatallah is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a

particular offense beyond a reasonable doubt, it is your duty to find Mr. Abu Khatallah not guilty of that offense.

## Instruction No. 8: Reasonable Doubt

The government has the burden of proving Mr. Abu Khatallah guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Instruction No. 9: Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. But now assume that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground the following morning. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Instruction No. 10: Nature of Charges Not to be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### Instruction No. 11: Inadmissible and Stricken Evidence

The lawyers have sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If I have sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

### Instruction No. 12: Redacted Documents and Tapes

During the course of this trial, a number of exhibits were admitted into evidence. Sometimes only parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been redacted or taken out.

### Instruction No. 13: Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which he or she testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness

stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case. In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or disparities in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see it or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effects of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown himself to be biased or prejudiced, for or against either side, you may consider and determine whether such bias or prejudice has colored

the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## Instruction No. 14: Testimony by Law Enforcement Officers

You have heard testimony in this case by a number of law enforcement officers. A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

## Instruction No. 15: Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify. Mr. Abu Khatallah has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You may not draw any inference of guilt from the defendant's decision not to testify.

## Instruction No. 16: Expert Testimony

Ordinarily, a witness may not testify as to his or her opinions or conclusions. There is an exception to this rule for expert witnesses, who are allowed to give opinions, and the reasons for them because they have become expert in some art, science, profession, or calling.

In this case, Chad Campanell testified as an expert concerning arson, Dr. Edward Mazuchowksi testified as an expert in forensic pathology, Supervisory Special Agent Edward Knapp testified as an expert in the forensic examination of explosive-related evidence, and Dr. Taoufik Ben Amor testified as an expert in the field of Arabic language and linguistics. You are

not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

### Instruction No. 17: Summary Witnesses

You heard testimony from FBI Agent Jessica Krueger, who was called by the government, and James MacFadyen, who was called by the defense, both of which summarized documentary evidence. This testimony was introduced for the sole purpose of explaining facts disclosed by other documents admitted as evidence in the case. The summary testimony is not, in and of itself, proof of any facts. The summary testimony is provided only as a matter of convenience. If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should disregard the testimony.

Likewise, certain charts or summaries have been admitted into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. If, and to the extent that, you find that they are not truthful summaries of facts or figures shown by the evidence, you are to disregard the summaries entirely. Other charts or summaries have been shown to you, but not admitted into evidence, in order to help you explain the facts disclosed by other documents admitted as evidence. Those charts or summaries are not in evidence. You should determine the facts from the evidence.

**Instruction No. 18: Evaluation of Prior Inconsistent Statement of a Witness**

You have heard evidence that witnesses made statements on an earlier occasion and that their statements may be inconsistent with a witness's testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here at trial. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**Instruction No. 19: Identification**

The burden is on the government to prove beyond a reasonable doubt, not only that the offenses were committed, but also that Mr. Abu Khatallah is the person who committed them.

In deciding whether the government has proved beyond a reasonable doubt that the defendant is the person who committed the offenses, you may consider any evidence relating to the identity of that person.

A number of factors may affect the accuracy of an identification of Mr. Abu Khatallah by an alleged eyewitness.

1.      The witness's opportunity to observe the criminal acts and the person committing them, including, but not limited to, the length of the encounter, the distance between the various parties, the lighting conditions at the time, and the witness's state of mind at the time of the offense;

2.      Any subsequent identification and the circumstances surrounding that identification, including the length of time that elapsed between the crime and the identification, the witness's state of mind when making the identification, any suggestive circumstances that

may have influenced the witness, and any statements or actions by law enforcement officers concerning the identification; and

3.      Any failure to identify Mr. Abu Khatallah as the person who committed the offense; and

4.      An identification of another person as the person who committed the offense; and

5.      Any other factors that have been brought to your attention by the remaining evidence that you conclude bears upon the accuracy of the witness's in-court or out-of-court identification of the defendant.

Based on any identifications by the witnesses and all additional evidence you have heard, you must be satisfied beyond a reasonable doubt that Mr. Abu Khatallah is the person who committed the charged offenses before you may convict him. If the evidence concerning the identification of the defendant is not convincing beyond a reasonable doubt, you must find the defendant not guilty.

**Instruction No. 20: Statements of the Defendant—Substantive Evidence**

You have heard evidence that Mr. Abu Khatallah made statements to U.S. law enforcement officers about the night of September 11, 2012. You should consider all the circumstances, including whether the law enforcement officer recorded the statement, in deciding whether he made the statement. If you find that he did make the statement, you must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all of the conversations between him and the law enforcement officers. You may consider whether the law

11

enforcement officers warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning; and whether the law enforcement officers recorded some or all of the conversations. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

## Instruction No. 21: Motive

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

## Instruction No. 22: Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by Mr. Abu Khatallah, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Abu Khatallah acted with the necessary state of mind.

### Instruction No. 23: "On or About"—Proof of

The indictment charges that the offenses charged were committed "on or about" September 11, 2012 and September 12, 2012. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

### Instruction No. 24: Witness's or Defendant's Use of Interpreter

You have heard testimony from several witnesses who communicated through an interpreter, and Mr. Abu Khatallah has used the services of an interpreter in this trial.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that any witness or Mr. Abu Khatallah used the services of an interpreter to influence you in any way.

You should not consider the mere fact that a witness has been provided an interpreter in evaluating his or her credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had testified in English.

If you observed that a witness nodded his head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may only have indicated that the witness was following the translation.

**Instruction No. 25: Elements of the Charged Offenses**

I will now talk to you about the specific offenses charged in the indictment. The indictment in this case contains eighteen counts.

## COUNT ONE

Count One of the indictment charges Mr. Abu Khatallah with conspiracy to provide material support or resources resulting in death. It is against the law to agree with someone to commit the crime of providing material support or resources. The charge of conspiracy to provide material support or resources resulting in death is a separate charge from providing material support or resources resulting in death itself, with which Mr. Abu Khatallah also is charged, in Count Two.

The elements of conspiracy to provide material support or resources, each of which the government must prove beyond a reasonable doubt, are that:

1.   Beginning no later than September 11, 2012, and continuing until on or about September 12, 2012, an agreement existed between two or more people to commit the crime of providing material support or resources resulting in death. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to provide material support or resources resulting in death. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of providing material support or resources resulting in death. So, the first thing that must be shown is the existence of an agreement.

2. The government also must prove beyond a reasonable doubt that Mr. Abu Khatallah intentionally joined in that agreement. It is not necessary to find that he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if he does not join the agreement at the beginning or even if that person agrees to play only a minor part, so long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy. But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that Mr. Abu Khatallah knowingly joined in the agreement. Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that Mr. Abu Khatallah was part of the conspiracy.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

It is a defense to the charge of conspiracy that the defendant withdrew from the conspiracy before the commission of any overt act or substantive offense. In order to withdraw from the conspiracy the defendant must have taken some definite, decisive, and affirmative action to disavow himself from the conspiracy or to defeat the goal or purpose of the conspiracy. Merely stopping activities or cooperation with the conspiracy or merely being inactive for a period of time is not sufficient to constitute the defense of withdrawal. In deciding if the defendant took a step to disavow or defeat the conspiracy, you may consider several factors, including whether he intentionally alerted law enforcement to the conspiracy, whether he told others in the conspiracy that his participation had ended, whether the defendant took steps to correct prior assistance to the group, and whether he attempted to remedy any past act or attempted to prevent any further progress of the conspiracy.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

In summary, a conspiracy is kind of partnership in crime. For any defendant to be convicted of a crime of conspiracy, the government must prove two things beyond a reasonable doubt: first, that during the charged time period there was an agreement to provide material support or resources resulting in death; and second, that Mr. Abu Khatallah intentionally joined in that agreement.

## COUNT TWO

Count Two charges Mr. Abu Khatallah with providing material support or resources, resulting in death.  The elements of this offense, each of which the government must prove beyond a reasonable doubt, are that:

1.  the defendant provided material support or resources—that is, personnel including himself and others; and

2.  the defendant did so knowing or intending that such support or resources—that is, personnel including himself and others—would be used in preparation for or in carrying out one of the offenses charged in Counts Three through Seventeen of the indictment;

The first element the government must prove beyond a reasonable doubt is that the defendant provided material support or resources.  Here, the government has alleged that the material support consisted of personnel including Mr. Abu Khatallah himself or other people. The term "personnel" means one or more persons, which can include the defendant's own person.

The second element that the government must prove beyond a reasonable doubt is that the defendant provided this support or resources knowing or intending that the support or resources would be used in preparation for, or in carrying out, one of the offenses charged in Counts Three through Seventeen of the indictment.

Finally, the government has alleged that the death of a person resulted from this offense, a fact that it must also prove beyond a reasonable doubt.  If you conclude that the government has proven beyond a reasonable doubt that death resulted, you should make a finding to that

effect and note it on the verdict form.  If you find the elements of the crime beyond a reasonable doubt but not the resulting death, you should also note that on the verdict form.

***Note for Counts Three through Eighteen:***

For Counts Three through Eighteen, the government can satisfy its burden of proof by showing that Mr. Abu Khatallah committed the acts of the offense himself or that he conspired with or "aided and abetted" others to do the same.  I will instruct you later on co-conspirator and "aiding and abetting" liability.

## COUNT THREE

Count Three charges Mr. Abu Khatallah with the murder of an internationally protected person.  The elements of the crime of murder of an internationally protected person, each of which the government must prove beyond a reasonable doubt, are that:

1. the defendant killed J. Christopher Stevens either (1) unlawfully, willfully, deliberately, maliciously, and with premeditation (first degree murder), or (2) in the perpetration of, or attempt to perpetrate, an arson or burglary (felony murder); and

2. the defendant acted with malice aforethought; and

3. J. Christopher Stevens was in fact an internationally protected person.

In order for you to find the defendant killed J. Christopher Stevens unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought (which would constitute first degree murder), you must find that the government has proven beyond a reasonable doubt that:

a. the defendant killed J. Christopher Stevens;

b. the defendant acted with malice aforethought; and

c. the defendant acted with premeditation.

The first element of first degree murder that the government must prove beyond a reasonable doubt is that the defendant unlawfully killed J. Christopher Stevens.  In this regard it is the government's burden to prove that the defendant's conduct was the direct cause of J. Christopher Stevens's death.  This means simply that the government must prove that the defendant inflicted an injury or injuries upon the deceased from which the deceased died.

The second element of first degree murder that the government must prove beyond a reasonable doubt is that the defendant acted with "malice aforethought."  Malice is the state of mind that would cause a person to act without regard to the life of another.  To satisfy this element, the defendant must have acted consciously, with the intent to kill another person.

The third element of first degree murder that the government must prove beyond a reasonable doubt is that the defendant acted with premeditation.  An act is done with premeditation if it is done upon planning or deliberation.  In order to satisfy this element the government must prove that the defendant killed J. Christopher Stevens only after thinking the matter over, deliberating whether to act before committing the crime.  There is no requirement that the government prove that the defendant deliberated for any particular period of time in order to show premeditation.  The amount of time needed for premeditation of a killing depends on the person and the circumstances.  It is sufficient to satisfy this element if you find that before he acted, the defendant had a period of time to become fully aware of what he intended to do and to think it over before he acted.

In order for you to find that the defendant killed J. Christopher Stevens in the perpetration of, or attempt to perpetrate, an arson or burglary (felony murder), the government must prove beyond a reasonable doubt that:

1.   The defendant caused the death of J. Christopher Stevens as charged; and

2.   The death of J. Christopher Stevens occurred as a consequence of and while the defendant was knowingly and willfully committing, or attempting to commit, the crime of arson or burglary, as charged in the indictment.

The first element of felony murder that the government must prove beyond a reasonable doubt is that the defendant caused the death of J. Christopher Stevens. In this regard it is the government's burden to prove that the conduct of the defendant or another participating with the defendant in the arson or burglary was the direct cause of J. Christopher Stevens's death. This means simply that the government must prove that the defendant (or the other participant) inflicted an injury or injuries upon the deceased from which the deceased died.

The second element the government must prove beyond a reasonable doubt is that the death of J. Christopher Stevens occurred as a consequence of and while the defendant was knowingly and willfully committing, or attempting to commit, the crime of arson or burglary, as charged in the indictment.

Felony murder means the killing occurred during the knowing and willful commission of some other specified criminal offense. The government is not required to prove that the defendant had any premeditated design or intent to kill the victim. All that is required to satisfy this element is proof that the defendant knowingly and willfully committed or attempted to commit the crime of arson or burglary as charged in the indictment, and that the killing of J. Christopher Stevens occurred during, and as a consequence of, the defendant's commission of that offense.

Malice is the state of mind that would cause a person to act without regard to the life of another. To satisfy this element, the defendant must have acted consciously, with the intent to

kill another person.  In order to establish this element, the government must prove that the defendant acted willfully, with a bad or evil purpose to break the law.  However, the government need not prove spite, malevolence, hatred or ill will toward the decedent.

An "internationally protected person" includes a Chief of State or the political equivalent, head of government, or Foreign Minister whenever such person is in a country other than his own; or any other representative, officer, employee, or agent of the United States Government who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity.

Because, in order to establish felony murder, the government must prove that the defendant knowingly and willfully committed or attempted to commit the crime of arson or burglary, or conspired to or aided and abetted others in doing so, I will also provide the elements for arson and burglary.

**Arson:**

The elements of the crime of arson, each of which the government must prove beyond a reasonable doubt, are that:

1. Defendant attempted to set fire, set fire, or burned a building or structure;

2. In setting the fire or in burning the building or structure, the defendant acted willfully and maliciously.

3. That the building or structure was a dwelling or that the fire placed human life in jeopardy.

**Burglary:**

The elements of the offense of burglary, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant entered the building of another; and

2. At the time of the entry the defendant intended to commit arson or theft.

## COUNTS FOUR THROUGH SIX

Counts Four through Six charge the murder of an officer or employee of the United States.  Count Four concerns Sean Patrick Smith; Count Five concerns Tyrone Snowden Woods; and Count Six concerns Glen Anthony Doherty.

The elements of the crime of murder of an officer or employee of the United States, each of which the government must prove beyond a reasonable doubt, separately for each count, are that:

1. Mr. Abu Khatallah caused the death of Sean Patrick Smith (Count Four), Tyrone Snowden Woods (Count Five) and/or Glen Anthony Doherty (Count Six) either (1) unlawfully, willfully, deliberately, maliciously, and with premeditation (which constitutes first degree murder), or (2) in the perpetration of, or attempt to perpetrate, an arson or burglary (which constitutes felony murder);

2. the defendant acted with malice aforethought;

3. the deceased was in fact an officer or employee of the United States, or of any agency in the  executive branch of the United States Government; and

4. the death occurred while the person was engaged in or on account of the performance of his official duties.

With regard to the first element that the government must prove beyond a reasonable doubt, the requirements for showing that Mr. Abu Khatallah caused the deaths (1) unlawfully, willfully, deliberately, maliciously, and with premeditation (first degree murder), or (2) in the perpetration of, or attempt to perpetrate, an arson or burglary (felony murder) are defined above in Count Three.  The second element, malice aforethought, also is defined in Count Three.

You may find the victim was engaged in the performance of his official duties if you find that, at the time of the acts alleged in the indictment, he was acting within the scope of what he was employed to do. On the other hand, if you find that the victim was involved in a personal venture of his own, you must find that he was not engaged in the performance of his official duties, and you must find the defendant not guilty.

## COUNTS SEVEN THROUGH NINE

Counts Seven through Nine charge Mr. Abu Khatallah with the attempted murder of an officer or employee of the United States. Count Seven concerns Scott Wickland; Count Eight concerns David Ubben; and Count Nine concerns Mark Geist.

The elements of the crime of attempted murder of an officer or employee of the United States, each of which the government must prove beyond a reasonable doubt, separately for each count, are that:

1.    Mr. Abu Khatallah intended to commit the crime of first degree murder, as defined with regard to Count 3, of an officer or employee of the United States with respect to Scott Wickland (Count Seven), David Ubben (Count Eight), and Mark Geist (Count Nine);

2.    Mr. Abu Khatallah engaged in conduct that constituted a substantial step toward committing the crime of murder of an officer or employee of the United States;

3.    the person was in fact an officer or employee of the United States, or of any agency in any branch of the United States Government; and

4.    the attempt occurred while the victim was engaged in or on account of the performance of the person's official duties.

A "substantial step" means some important action leading toward committing a crime that is something more than mere preparation. It is more than an unimportant or inconsequential act. It must be an act that would ordinarily and likely result in commission of a crime, unless interrupted or frustrated by some condition or event. If the government has presented evidence of several acts taken by the defendant, each of which may qualify as a "substantial step," you must all agree on one act that you find was a substantial step toward committing the crime.

## COUNTS TEN THROUGH THIRTEEN

Counts Ten through Thirteen charge the killing of a person in the course of an attack on a federal facility involving the use of a firearm and a dangerous weapon. The elements of the crime of killing a person in the course of an attack on a federal facility involving the use of a firearm and a dangerous weapon, each of which the government must prove beyond a reasonable doubt, separately for each count, are that:

1.    Mr. Abu Khatallah caused the deaths of Christopher Stevens (Count Ten), Sean Patrick Smith (Count Eleven), Tyrone Snowden Woods (Count Twelve) and Glen Anthony Doherty (Count Thirteen), with malice aforethought;

2.    the deaths occurred in the course of an attack on a Federal facility; and

3.    the attack involved the use of a firearm or other dangerous weapon.

For purposes of these Counts, a Federal facility is a building or part thereof owned or leased by the Federal Government, where Federal employees are regularly present for the purpose of performing their official duties.

The term "dangerous weapon" means a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury.

## COUNTS FOURTEEN AND FIFTEEN

Counts Fourteen and Fifteen charge Mr. Abu Khatallah with maliciously damaging or destroying, or attempting to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property in whole or in part owned, possessed by or leased to the United States or any department or agency of the United States, causing death.  Count Fourteen concerns the deaths of J. Christopher Stevens and Sean Patrick Smith at the U.S. Special Mission and Count Fifteen concerns the deaths of Tyrone Snowden Woods and Glen Anthony Doherty at the C.I.A. Annex.

The elements of this crime, each of which the government must prove beyond a reasonable doubt, separately for each count, are that:

1.      the defendant damaged or destroyed property, or attempted to damage or destroy property that was, in whole or in part, owned, possessed by or leased to the United States or any department or agency of the United States;

2.      the defendant did so by means of fire or an explosive;

3.      the defendant acted maliciously; and

4.      the defendant's conduct directly or proximately caused the death of Mr. Stevens and Mr. Smith (Count Fourteen) and Mr. Woods and Mr. Doherty (Count Fifteen).  The government bears the burden of proving this fact beyond a reasonable doubt.

For the purpose of these Counts, the term "explosive" means gunpowder, powders used for blasting, all forms of high explosives (that is, explosives that generate gas with extreme rapidity and have a shattering effect), blasting materials, fuses (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, explosive bombs, grenades, missiles, or similar devices, incendiary bombs or grenades, fire bombs, or similar

devices, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

The term "explosion" is used in its customary or ordinary sense, that is, an explosion is a rapid expansion of gases caused by a rapid combustion of a material, which may cause a sharp noise or report.

The term "department" means one of the executive departments. The executive departments are: the Department of State; the Department of the Treasury; the Department of Defense; the Department of Justice; the Department of the Interior; the Department of Agriculture; the Department of Commerce; the Department of Labor; the Department of Health and Human Services; the Department of Housing and Urban Development; the Department of Transportation; the Department of Energy; the Department of Education; the Department of Veterans Affairs. And the term "agency" of the United States includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest.

A person acts maliciously when they act either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly. The defendant need not have intended to kill anyone.

The government has also alleged that the defendant's conduct directly or proximately caused the death of J. Christopher Stevens and Sean Patrick Smith (Count 14) and Tyrone Snowden Woods and Glen Anthony Doherty (Count 15). The government bears the burden of proving this fact beyond a reasonable doubt.

A proximate cause is one that played a substantial part in bringing about the death, so that the death was the direct result or a reasonably probable consequence of the defendant's acts, or acts he aided and abetted. "Substantial" means that the defendant's conduct has such an effect in producing the death as to lead a reasonable person to regard his conduct as a cause of the death. An event such as the death of the victim may have more than one cause. The government need not prove that the defendant's conduct was the only cause of death; it need only prove that the defendant's conduct was a substantial factor in causing the death.

## COUNT SIXTEEN AND SEVENTEEN

Counts Sixteen and Seventeen charge Mr. Abu Khatallah with maliciously destroying and injuring dwellings and property and placing lives in jeopardy within the special maritime and territorial jurisdiction of the United States and attempting to do the same. The elements of this crime, each of which the government must prove beyond a reasonable doubt, separately for each count, are as follows:

1. the defendant injured or destroyed, or attempted to injure or destroy, or aided and abetted another to do the same, or participated in a conspiracy to injure or destroy, any structure, conveyance, or other real or personal property;

2. that the property was within the special maritime and territorial jurisdiction of the United States;

3. the defendant acted willfully and maliciously; and

4. the building was a dwelling or the life of any person was placed in jeopardy.

To act willfully, the defendant must have acted intentionally, with knowledge that he was violating the law.

"Special maritime and territorial jurisdiction of the United States" includes

the premises of United States diplomatic, consular, military or other United States Government missions or entities in foreign States, including the buildings, parts of buildings, and land appurtenant or ancillary thereto or used for purposes of those missions or entities, irrespective of ownership; and residences in foreign States and the land appurtenant or ancillary thereto, irrespective of ownership, used for purposes of those missions or entities or used by United States personnel assigned to those missions or entities.

## COUNT EIGHTEEN

Count Eighteen charges Mr. Abu Khatallah with using, carrying, brandishing and discharging a firearm, to include handguns, semiautomatic assault rifles—that is, AK-47-type assault rifles—and destructive devices—that is, grenades and rocket propelled grenades—during a crime of violence, on or about September 11, 2012, and on or about September 12, 2012, in Benghazi, Libya.  The elements of the crime of using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, each of which the government must prove beyond a reasonable doubt, are as follows:

1.      the defendant committed a crime of violence as alleged in Count One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, or Seventeen; and

2.      the defendant knowingly used or carried a firearm during and in relation to the commission of one or more of the crimes of violence charged in Counts One through Seventeen.

The first element the government must prove beyond a reasonable doubt is that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States.  The crimes charged in Counts One through Seventeen are crimes of violence.

However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed one or more of these crimes.

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly used or carried a firearm during and in relation to the commission of a crime of violence.

A "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or any destructive device. The term does not include an antique firearm.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

To "carry" a firearm means to move or transport the firearm on one's person or in a vehicle or container. It need not be immediately accessible.

To "use" a firearm means to employ the firearm actively, such as to brandish, display, strike with, discharge or attempt to discharge it, or even to refer to it in a way calculated to affect the underlying crime. For either use or carry to be "during and in relation to" a crime, the firearm must have played a role in the crime or must have been intended by Mr. Abu Khatallah to play a role in the crime. That need not have been its only purpose, however.

A person possesses a firearm "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime.

If you find Mr. Abu Khatallah guilty of using or carrying a firearm during or in relation to a crime of violence, you must also determine whether the government has proven beyond a reasonable doubt that he brandished a firearm during and in relation to a crime of violence.

If you find that the government has proven beyond a reasonable doubt that Mr. Abu Khatallah used or carried a firearm during or in relation to a crime of violence, you must also determine whether the government has proven beyond a reasonable doubt that the firearm was discharged, even accidently.

If you find that the government has proven beyond a reasonable doubt that the government has proven all of the elements of using or carrying a firearm during or in relation to a crime of violence, you must also determine whether the government has proven beyond a reasonable doubt that Mr. Abu Khatallah used or carried a semiautomatic assault rifle. The term "semiautomatic assault rifle" includes all models of Avtomat Kalashnikovs.

If you find that the government has proven beyond a reasonable doubt that the government has proven all of the elements of using or carrying a firearm during or in relation to a crime of violence, you must also determine whether the government has proven beyond a reasonable doubt that the firearm that was used or carried was a destructive device. A "destructive device" means any explosive, incendiary, or poison gas—that is, bomb, grenade, rocket having a propellant of more than four ounces, missile having an explosive or incendiary charge of more than one-quarter ounce, mine, or device similar to any of the devices described above. It also includes any type of weapon (other than a shotgun or shotgun shell) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter.

**Instruction No. 26: Theories of Liability**

I will now explain to you the different theories of liability.

## WILLFULLY CAUSING AN ACT TO BE DONE

You may find Mr. Abu Khatallah guilty of the crimes charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict Mr. Abu Khatallah of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that Mr. Abu Khatallah willfully caused such an act to be done, with the intent to commit the crime.

## AIDING AND ABETTING

You may find Mr. Abu Khatallah guilty of the crimes charged in the indictment without finding that he personally committed each of the elements that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To prove a Defendant guilty of a crime by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, a specific crime charged in the Indictment was committed by someone;

Second, the Defendant aided, abetted, counseled, commanded, induced, or procured that person with respect to at least one element of the specific crime charged in the Indictment;

Third, the Defendant acted with the intent to facilitate the commission of the specific and entire crime charged in the Indictment; and

Fourth, the Defendant took action to aid and abet the crime before the crime was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the Defendant acted with intent of helping that person commit the specific and entire crime charged in the Indictment.

A Defendant acts with the intent to facilitate the crime when the Defendant actively participates in the crime with advance knowledge of the circumstances of the crime. "Advance knowledge" means that the Defendant knew of the circumstances when he still had a realistic opportunity to withdraw from the crime or to prevent it. This knowledge may, but does not have to, exist before the underlying crime is begun. It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the individual continues to participate in the crime and has a realistic opportunity to alter the plan or to withdraw.

## CO-CONSPIRATOR LIABILITY

Mr. Abu Khatallah is charged in Count One with conspiracy to provide material support or resources. The objects and purposes of the charged conspiracy were, among others, to remove the presence of the United States in Benghazi, Libya, through the use of force and the threat of force; to violently attack the Mission and the Annex; to kill United States citizens at the Mission and the Annex; to destroy buildings and other property at the Mission and the Annex; and to

plunder property from the Mission and Annex, including documents, maps, and computers containing sensitive information.

A defendant is responsible for an offense committed by another member of a conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy. If you find that the government has proven beyond a reasonable doubt that Mr. Abu Khatallah is guilty of conspiracy to provide material support or resources (as charged in Count One), he may be found guilty of another crime charged in the indictment, provided you find that the government has proven the essential elements for that crime as defined in these instructions and, provided further, that you also find beyond a reasonable doubt, that:

1.    there was a conspiracy to provide material support;

2.    the charged offense was committed by a co-conspirator of Mr. Abu Khatallah;

3.    Mr. Abu Khatallah was a member of the conspiracy to provide material support at the time the charged offense was committed;

4.    The charged offense was committed during the existence of the conspiracy;

5.    The charged offense was committed in furtherance of the conspiracy; and

6.    The charged offense was a reasonably foreseeable consequence of the conspiracy.

It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

In order to determine whether a conspiracy existed at the time of this crime and whether Mr. Abu Khatallah was a member, you must find beyond a reasonable doubt the following two elements, that:

1. Between September 11, 2012 and September 12, 2012, an agreement existed between two or more people to commit the crime of providing material support or resources. This does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists to commit the crime that allegedly was the subject of the charged conspiracy. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of providing material support or resources.

2. Mr. Abu Khatallah intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime or that he even knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor role, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Again, mere presence at the scene of the agreement or of the crime or merely being with the other participants does not show that Mr. Abu Khatallah knowingly joined in that agreement. Similarly, unknowingly acting in a way that helps the participants, without more, does not make a person part of the conspiracy. In addition, merely knowing about the agreement itself, without more, does not make Mr. Abu Khatallah a part of the conspiracy.

A conspiracy can be proved indirectly by facts and circumstances that lead to a conclusion that a conspiracy existed. The government's burden is to prove such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether Mr. Abu Khatallah became a member of that conspiracy, you may consider only his acts and statements.

## Instruction No. 27: The Defense

Mr. Abu Khatallah's defense is that he did not plan, participate in, aid and abet, conspire, provide material support for or conspire to provide material support for the attacks against the Mission or the Annex in Benghazi, Libya on September 11-12, 2012.

Although Mr. Abu Khatallah has presented evidence in support of his defense, he has no duty to prove anything. Once again, it is the government's burden to prove guilt beyond a reasonable doubt and that burden never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If, after a full and fair consideration of all of the facts and circumstances in evidence, you find that the government has failed to prove beyond a reasonable doubt every element of the charged offenses, you must find the defendant not guilty.

## Instruction No. 28: Other Crimes Evidence

You have heard evidence that Mr. Abu Khatallah was charged with an unrelated offense in Libya. It is up to you to decide whether to accept that evidence. If you find that he was charged with an unrelated offense in Libya, you may use that evidence for the limited purpose of considering whether the witness Ahmed Salem was biased toward the defense. You may not use this evidence for any other purpose.

You also heard evidence that Mr. Abu Khatallah may have been involved with criminal conduct in Libya with other individuals. It is up to you to decide whether to accept that evidence. That evidence was introduced for the limited purpose of attempting to illustrate the

relationship between Mr. Abu Khatallah and other individuals. You may not use this evidence for any other purpose.

Mr. Abu Khatallah is only on trial for the crimes charged. He is not charged in this case with any offenses that may or may not have occurred in Libya, and you may not use this evidence to conclude that Mr. Abu Khatallah has a bad character. The law does not allow you to convict him simply because you think or believe he may have done bad things not specifically charged as crimes in this case.

### Instruction No. 29: Multiple Counts—One Defendant

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

### Instruction No. 30: Unanimity—General

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

### Instruction No. 31: Unanimity—Special

Mr. Abu Khatallah has been charged in Count One with conspiracy to provide material support or resources and in Count Two with providing material support or resources. The government has alleged that Mr. Abu Khatallah conspired to and provided material support to be used in preparation for or in carrying out one of the offenses charged in Counts Three through Seventeen. You may find Mr. Abu Khatallah guilty on one or both of these counts if the government proves beyond a reasonable doubt that Mr. Abu Khatallah conspired to and/or

provided material support in relation to any one of the offenses charged in Counts Three through Seventeen. However, in order to return a guilty verdict on either of these counts, you must all agree that Mr. Abu Khatallah conspired to provide or provided the material support to be used in preparation for or in carrying out the same underlying offense—that is, either Count Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, or Seventeen.

Mr. Abu Khatallah is charged in Count Eighteen with using, carrying, brandishing or discharging a firearm. The government alleges that the firearms were handguns, semiautomatic assault rifles, that is, AK-47-type assault rifles, and destructive devices, that is, grenades and rocket propelled grenades. You may find Mr. Abu Khatallah guilty on this count if the government proves beyond a reasonable doubt that he committed this offense with either of these types of firearms. However, you must all agree as to what crime of violence was committed, either Count One, Two, Three, Four, Five, Six, Seven, Eight, Nine Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, or Seventeen.

### Instruction No. 32: Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## Concluding Instructions

**Instruction No. 33: Cautionary Instruction on Publicity, Communication and Research**

I would like to remind you that there will likely be reports in the newspaper or on the radio, internet, or television concerning this case, and you may be tempted to read, listen to, or watch them. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or Ms. Jenkins know as soon after it happens as you can, and I will then discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

### Instruction No. 34: Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

### Instruction No. 35: Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the

task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction No. 36: Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Jenkins or one of the marshals, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me about the case except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not Ms. Jenkins, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion— whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction No. 37: Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing

the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

### Instruction No. 38: Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

### Instruction No. 39: Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected three seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats 2, 4, and 13.

Before you three leave, I am going to ask you to make sure Ms. Jenkins has all of your current information. I do this because it is possible that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. If you are not needed, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, a chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**Instruction No. 40: Delivering the Verdict**

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

Thank you. You may now retire to begin your deliberations.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **v.** | :     **14-CR-141 (CRC)** |
| **AHMED SALIM FARAJ ABU KHATALLAH** | : |

**<u>VERDICT FORM</u>**

As to COUNT ONE, charging conspiracy to provide material support or resources from on or about September 11, 2012, to on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

<u>Special Finding</u>:

With respect to Count ONE, we the jury make the following Special Findings:

Resulting in Death

Not Guilty: _____          Guilty: _____

As to COUNT TWO, charging providing material support or resources, between on or about September 11, 2012, and on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

<u>Special Finding</u>:

With respect to Count TWO, we the jury make the following Special Findings:

Resulting in Death

Not Guilty: _____          Guilty: _____

As to COUNT THREE, charging murder of J. Christopher Stevens, an internationally protected person, on or about September 11, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT FOUR, charging murder of Sean Patrick Smith, an officer or employee of the United States, on or about September 11, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT FIVE, charging murder of Tyrone Snowden Woods, an officer or employee of the United States, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT SIX, charging murder of Glen Anthony Doherty, an officer and employee of the United States, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT SEVEN, charging attempted murder of Scott Wickland, an officer and employee of the United States, on or about September 11, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT EIGHT, charging attempted murder of David Ubben, an officer and employee of the United States, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT NINE, charging attempted murder Mark Geist, of an officer and employee of the United States, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT TEN, charging killing J. Christopher Stevens, in the course of an attack on a federal facility, that is, the U.S. Special Mission, involving the use of a firearm or a dangerous weapon, on or about September 11, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT ELEVEN, charging killing Sean Patrick Smith, in the course of an attack on a federal facility, that is, the U.S Special Mission, involving the use of a firearm or a dangerous weapon, on or about September 11, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT TWELVE, charging killing Tyrone Snowden Woods, in the course of an attack on a federal facility, that is, the Annex, involving the use of a firearm or a dangerous weapon, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT THIRTEEN, charging killing Glen Anthony Doherty, in the course of an attack on a federal facility, that is, the Annex, involving the use of a firearm or a dangerous weapon, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

As to COUNT FOURTEEN, charging maliciously damaging and destroying U.S. property, that is, the U.S. Special Mission, by means of fire or an explosive causing the death of J. Christopher Stevens or Sean Patrick Smith, on or about September 11, 2012, we the jury find the defendant:

Not Guilty: _____          Guilty: _____

2

As to COUNT FIFTEEN, charging maliciously damaging and destroying U.S. property, that is, the Annex, by means of fire or an explosive causing the death of Tyrone Snowden Woods and Glen Anthony Doherty, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____            Guilty: _____

As to COUNT SIXTEEN, charging maliciously destroying and injuring dwellings and property, that is, the U.S Special Mission, and placing lives in jeopardy within the special maritime and territorial jurisdiction of the United States and attempting to do the same, on or about September 11, 2012, we the jury find the defendant:

Not Guilty: _____            Guilty: _____

As to COUNT SEVENTEEN, charging maliciously destroying and injuring dwellings and property, that is, the Annex, and placing lives in jeopardy within the special maritime and territorial jurisdiction of the United States and attempting to do the same, on or about September 12, 2012, we the jury find the defendant:

Not Guilty: _____            Guilty: _____

As to COUNT EIGHTEEN, charging using or carrying a firearm during a crime of violence, between on or about September 11, 2012, and September 12, 2012, we the jury find the defendant:

Not Guilty: _____            Guilty: _____

Special Findings:

With respect to Count EIGHTEEN, we the jury make the following Special Findings:

Brandishing:

Not Guilty: _____            Guilty: _____

Discharging:

Not Guilty: _____            Guilty: _____

Semiautomatic assault rifle:

Not Guilty: _____            Guilty: _____

Destructive Device:

Not Guilty: _____            Guilty: _____

**DATE: _____**                **FOREPERSON: _____**

3