UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITEDS STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Case no. 14-CR-141 (CRC) |
| | : | |
| | : | |
| AHMED ABU KHATALLAH | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO SET MATTER FOR
RE-SENTENCING AND PROPOSED SCHEDULING ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court grant this motion to set the above-caption matter for re-sentencing as mandated by the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") [DE 563 and 566]. The government further requests that the Court order sentencing for a date between June 18, 2024 and July 31, 2024, schedule an evidentiary hearing 45 to 60 days before the Sentencing, and issue a scheduling order with deadlines for the submission of an updated Pre-Sentence Report ("PSR") as well as the filing of any sentencing memoranda and memoranda related to the evidentiary hearing. In support of this motion, the government states the following:

**PROCEDURAL BACKGROUND**

On June 26, 2014, the Defendant, a Libyan national and resident of Benghazi, was charged in an initial sealed indictment with Conspiring to Provide Material Support and Resources to Terrorists Resulting in Death, in violation of 18 U.S.C. § 2339A. He was taken into U.S. custody in Libya on June 15, 2014, and returned to the United States on or about June

28, 2014. On June 28, 2014, the defendant had an initial appearance, at which time the indictment was unsealed, and he was remanded to the custody of the U.S. Marshal Service.

On October 14, 2014, an 18-count superseding indictment was returned that included additional charges. The superseding indictment specifically charged the Defendant with Conspiracy to Provide Material Support and Resources to Terrorists Resulting in Death; Providing and Attempting to Provide Material Support and Resources to Terrorists Resulting in Death; Killing of an Internationally Protected Person (Ambassador Stevens); Killing Officers and Employees of the U.S. (an American information management officer and two American security personnel); Attempting to Kill Officers and Employees of the U.S. (three American security personnel); Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and a Dangerous Weapon; Maliciously Damaging and Destroying U.S. Property by Means of Fire and an Explosive Causing Death; Willfully and Maliciously Destroying Property within the Special Maritime and Territorial Jurisdiction of the United States and Placing Lives in Jeopardy; and Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence.

Following a seven-week trial between October and November 2017, a jury found the Defendant guilty of conspiracy to provide material support and resources to terrorists, in violation of Title 18 U.S.C. Section 2339A; providing material support and resources to terrorists, in violation of Title 18 U.S.C. Section 2339A; maliciously destroying and injuring dwellings and property and placing lives in jeopardy within the special maritime and territorial jurisdiction of the United States, that is, the Libyan Mission, in violation of Title 18 U.S.C. Section 1363; and carrying a firearm during a crime of violence, in violation of Title 18 U.S.C. Section 924(c). The jury acquitted the Defendant on the remaining charges. On June 27, 2018,

the Defendant was sentenced to twenty-two years of imprisonment. Subsequently, the Defendant appealed his conviction, and the government appealed the imposed sentence. On July 26, 2022, the D.C. Circuit denied the Defendant's appeal and granted the government's appeal, reversing the Defendant's twenty-two-year sentence, finding that it was "substantively unreasonably low" and remanded the matter for re-sentencing. *United States v. Khatallah* 41 F.4th 608, 617 (2022). The formal mandate issued on January 23, 2023 (DE 566).

The Defendant also filed a petition for certiorari with the Supreme Court for the United States, in which he raised two issues – (1) whether 18 U.S.C. § 924(c) applied extraterritoriality, and (2) whether the district court could consider acquitted conduct at sentencing. On June 26, 2023, the Supreme Court denied the Defendant's petition for certiorari. Exhibit A. Accordingly, this matter should now be set for re-sentencing, in accordance with D.C. Circuit's judgement and mandate.

## PROPOSED SCHEDULING DATES

The government has consulted with counsel for the Defendant and would propose that the Court set a Sentencing date between June 18, 2024, and July 31, 2024. This will allow sufficient time for U.S. Probation to complete an updated Pre-Sentence Report[1] and for the parties to prepare for the Sentencing – the latter of which will require contacting and coordinating with witnesses and family members, most of whom are outside the D.C. area and several of whom are abroad. In addition, the government requests that the Court schedule an evidentiary hearing 45 to 60 days before sentencing, at which time the parties can present non-victim/family

---

[1] U.S. Probation advised the government that it will be able to complete an updated Pre-Sentence Report within 90 days of its receipt of the Court's scheduling order.

related evidence relevant to sentencing.[2]  This will also allow the parties to incorporate or rebut the presented evidence in their respective sentencing memoranda.  The government suggests the following schedule:

Hearings

- **Sentencing** ➔ Between June 18, 2024, and July 31, 2024

- **Evidentiary hearing** ➔ 45 to 60 days before the Sentencing date
    - Provide notice/discovery relating to evidentiary hearing ➔ 30 days before evidentiary hearing

PSR/Sentencing Memoranda

- **Updated PSR** ➔ due 45 days before Sentencing
    - Objections to updated PSR ➔ due 10 days after updated PSR submitted
    - Final updated PSR ➔ due 10 days after objections submitted

- **Sentencing memoranda** ➔ due 20 days before Sentencing
    - Reply to sentencing memoranda ➔ due 10 days before Sentencing

Finally, in discussions with counsel for the Defendant about the Sentencing and proposed scheduling order, counsel for the Defendant advised that the Defendant intends to request leave of the Court to allow the Defendant to participate in the sentencing proceeding virtually.  It is the government's position that Rule 43(a) of the Federal Rule of Criminal Procedure requires the Defendant's physical presence at sentencing and that exceptions to the Rule are limited and inapplicable in this case.  The government would suggest setting this matter for a control date within the next two weeks to resolve or set a briefing schedule related to this issue.  The control

---

[2] At the evidentiary hearing, the government intends to offer cell tower data information to further confirm the location of the Defendant during the attack on the U.S. Special Mission and Annex.  Similar evidence was offered prior to the sentencing in the case of *United States v. Mustafa Al-Imam* (case no. 17-CR-213). The government also intends to present evidence regarding the Defendant's involvement in the mortar attack on the Annex.  Counsel for the Defendant advised that it would likely object to the setting of an evidentiary hearing or the introduction of new evidence at sentencing.

4

date would also be an opportune time for the parties to provide their availability on the other sentencing matters.

## CONCLUSION

The government respectfully requests that this matter be scheduled for Sentencing between June 18, 2024, and July 31, 2024; that an evidentiary hearing be scheduled 45 to 60 days beforehand; that a control date be set within the next two weeks; and that a scheduling order be issued.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: *Michael C. DiLorenzo*
MICHAEL C. DILORENZO, SAUSA
(MD Bar #: 931214 0189)
JOHN D. CRABB Jr., AUSA

United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Michael.Dilorenzo2@usdoj.gov
(202) 549-3978
John.D.Crabb@usdoj.gov
(202) 252-1794