UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 14-141 (CRC) |
| | : | |
| AHMED SALIM FARAJ ABU KHATALLAH, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL PROFFER OF TESTIMONY**

The United States of America hereby submits the following supplemental proffer to the anticipated testimony to be offered by the government at a resentencing hearing in this matter:[1]

On June 27, 2018, the Defendant was sentenced by this Court to twenty-two years in prison in connection with this case. The U.S. government learned in early December 2018 (approximately six months after the original sentencing) that the witness was in foreign custody. In December 2019 (approximately a year and a half after the original sentencing), the Federal

---

[1] On July 11, 2024, the Court ordered the government to provide the Court a proffer of the testimony that it would present at the resentencing concerning the statements of a Libyan-national witness, including the background of the witness, the substance of statements of the witness regarding the Defendant and related matters, and the reason for the unavailability of the witness at the time of the Defendant's original sentencing. On July 17, 2024, the government, in accordance with the Court's Order, filed the Government's Proffer of Testimony (DE 594). The government also requested leave of the Court to submit a supplemental classified filing with information to address the unavailability of the witness at the time of the original sentencing. The Court granted to government's request and ordered the supplement proffer due on August 2, 2024. Since the government filed its request seeking time to file this supplement, information has been declassified at the government's request, allowing this supplement to be filed on the public docket.

Bureau of Investigation (FBI) learned this information and requested access to the witness.[2]  Prior to that time, the prosecution team had no knowledge of any potential connection between this witness and the facts of this case.  In February 2020, the FBI obtained access to the witness; and on February 2, 2020, FBI conducted its first interview of the witness at a Libyan National Army facility in Benghazi, Libya.  As noted in the government's initial proffer, the FBI conducted a total of four interviews of the witness at the same location, the subsequent interviews occurring on February 4, 2020, August 23, 2020, and December 9, 2020 (DE 594 at 2).  The FBI's last contact with the witness was during the last interview on December 9, 2020.

## Conclusion

The government hereby supplements its proffer to the anticipated testimony to be offered by the government at a resentencing hearing and renews its request to permit the government to introduce new evidence – which was not available at the time of the original sentencing – at the pending resentencing hearing.

Respectfully submitted,

---

[2]  On May 24, 2024, in a filing entitled, "Government's Opposition to Defendant's Motion to Preclude the Presentation of New Evidence at Sentencing," it was stated that "the government first learned of the witness in December 2019 and interviewed him in early 2020" (DE 587 at 5).  This statement is accurate but warrants further clarification.  In this context, the term "government" refers to the prosecution team, and more specifically, the FBI, which is the lead investigating agency.  *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case") (emphasis added).  Since the May 2024 filing, and as reflected in this supplemental proffer, the prosecution team has learned that another component of the U.S. government, which has never been part of the prosecution team, learned that the witness was in foreign custody in December 2018, approximately one year earlier than the FBI and six months after the original sentencing in this matter.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052



_____/s/_____
John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670

Michael C. DiLorenzo
Special Assistant U.S. Attorney
MD Bar No. 9312140189

United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov