UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 14-141 (CRC) |
| | : | |
| AHMED SALIM FARAJ ABU KHATALLAH, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF VICTIMS' INTENT TO EXERCISE THEIR RIGHTS UNDER THE CRIME VICTIMS' RIGHT ACT**

The United States of America, by and through undersigned counsel, hereby submits this Notice to the Court concerning victims who wish to exercise their right to be heard under the Crime Victims' Right Act, 18 U.S.C. § 3771 ("CVRA"). The government has confirmed that nine crime victims will be in attendance on September 26, 2024, at Defendant Ahmed Abu Khatallah's sentencing hearing. Four of these crime victims have requested the opportunity to make a short statement at the hearing – including the brother-in-law of Ambassador J. Christopher Stevens, the two children of Information Management Officer Sean Smith, and the brother of GRS officer Glen Doherty

The CVRA provides that a "crime victim" has the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing . . . ." 18 U.S.C. § 3771(a)(4). "The term 'crime victim' means a person directly and *proximately harmed* as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e)(2)(A) (emphasis added). This right

1

extends to family members, legal guardians, and representatives of the crime victim in cases where the crime victim is incapacitated or deceased. 18 U.S.C. § 3771(e)(2)(B).

"The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses." *United States v. Giraldo-Serna*, 118 F. Supp. 3d 377, 383 (D.D.C. 2015); *Burton v. United States*, 668 F. Supp. 2d 86, 108 (D.D.C. 2009) ("'Proximate cause has been defined as that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury'") (citations and quotation marks omitted); *see also Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 340, 162 N.E. 99 (1928) (Cardoza, J.). Clearly, Ambassador Stevens, and Messrs. Smith and Doherty were proximately harmed by the defendant's commission of the federal offenses for which he was convicted in this case. *Cf. Illinois v. Carron*, 699 N.E.2d 241, 244 (Ill. App. Ct. 1998) (holding that acquittal of felony homicide charges did not preclude finding that the defendant was the proximate cause of automobile deaths for which the court permitted VIS).

Indeed, *but for* the attack on the U.S. Mission, Ambassador Stevens and Sean Smith, would not have been killed as a result of the fire intentionally set by armed militants – including by members of the Defendant's militia and several of whom maintained contact with the Defendant during the attack while he was positioned just outside the Mission's walls. Also, *but for* the attack on the U.S. Mission, Glen Doherty, who traveled to Benghazi from Tripoli in response to the attack at the Mission, would not even have been in Benghazi that night and would not have been atop a building at the Annex, when it was attacked. *But for* the attack on the Mission, Glen Doherty would not have been killed by the mortar attack on the Annex. Ambassador Stevens, Messrs. Smith and Doherty were clearly directly and proximately harmed as a result of the Attack on the

Mission.

Glen Doherty responded to the attack on the Mission and heroically attempted to intervene and stop that heinous act. His actions were, therefore, akin to those of other first responders who have been deemed to be victims. *See, e.g., United States v. Poole*, 241 F. App'x 153, 154-55 (4th Cir. 2007) (affirming district court's admission of VIS from arresting police officers); *United States v. Passmore*, No. 97-4781, 1998 WL 746866, at *1, *2 (4th Cir. Oct. 26, 1998) (*per curiam*) (under U.S.S.G. analysis finding that defendant's criminal conduct was the proximate cause of responding officer's accidental injury because harm to officer was a reasonably foreseeable result).

"Traditionally, sentencing judges have considered a wide variety of factors in addition to evidence bearing on guilt in determining what sentence to impose on a convicted defendant." *Wisconsin v. Mitchell*, 508 U.S. 476, 485 (1993). Accordingly, even if the Court were to determine that one or more of the family members was not technically a crime victim under the CVRA, their family members should still be allowed to address the Court at sentencing. *United States v. Leach*, 206 F. App'x 432, 434-35 (6th Cir. 2006) (holding that trial courts have considerable discretion to permit individuals to introduce evidence relating to "the nature and circumstances of the offense" without qualifying for victim status under CVRA); *cf. United States v. Duffy*, 315 F. App'x 216, 218 (11th Cir. 2009) (permitting VIS relating to a burglary at sentencing for a firearm conviction); *Rock v. Virginia*, 610 S.E.2d 314, 317-18 (Va. Ct. App. 2005) (allowing decedent's family members to provide VIS despite acquittal of murder charge).

In sum, pursuant to the CVRA and traditional sentencing norms, members of Stevens, Smith and Doherty families intend to exercise their rights to address the Court at sentencing in this matter.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:        /s/
                John Crabb Jr.
                Assistant United States Attorney
                N.Y. Bar No. 2367670

                Michael C. DiLorenzo
                Special Assistant U.S. Attorney
                MD Bar No. 931214 0189

                United States Attorney's Office
                601 D Street, N.W.
                Washington, D.C. 20530
                (202) 252-1794
                john.d.crabb@usdoj.gov